IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIE SPICER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2411 |
| | § | |
| PORT TERMINAL RAILROAD | § | |
| ASSOCIATION, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 41] filed by Defendant Port Terminal Railroad Association ("PTRA"), to which Plaintiff Christie Spicer filed a Response [Doc. # 43] in opposition to the Motion, Defendant filed a Reply [Doc. # 47], Plaintiff filed a Sur-Reply [Doc. # 53], and Defendant filed a Rejoinder [Doc. # 54]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion.

## I.    BACKGROUND

Plaintiff is an African-American female over the age of forty (40). She began working for the PTRA in 1979 as a clerk, and was promoted to yardmaster in 1981. The yardmaster works in the railroad office communicating with the train crews to direct them into and out of the railroad yard. The yardmaster reports to an Assistant

Trainmaster, a Trainmaster, or a Director of Transportation Services.  The yardmaster position is a non-management, union position.

Plaintiff alleges that, beginning in 2006, she repeatedly applied for Assistant Trainmaster and Trainmaster positions, which are considered management positions. She was not selected for any of the positions, and she alleges that her non-selection is the result of discrimination on the basis of her race, sex, and age, and in retaliation for having engaged in protected activity.

Plaintiff filed this lawsuit on August 4, 2008.  After an adequate opportunity for all parties to complete discovery, Defendant moved for summary judgment.  The Motion has been fully briefed and is ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008).  If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth

specific facts showing the existence of a genuine issue for trial.  *See Hines v. Henson*, 293 F. App'x 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)).  The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Nat'l Union*, 532 F.3d at 401.

## III.   <u>ANALYSIS</u>

Spicer alleges that the PTRA discriminated against her on the basis of her age, sex, and race, and that the PTRA retaliated against her for engaging in protected activity.[1]  Plaintiff asserts her discrimination and retaliation claims under both Title VII and 42 U.S.C. § 1981.  The analysis for claims under § 1981 and Title VII is identical.  *See Hall v. Continental Airlines, Inc.*, 252 F. App'x 650, 653 (5th Cir. Oct. 26, 2007) (citing *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005)); *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002)).

### A.   <u>Discrimination Claims</u>

Under the burden-shifting standard applicable to Title VII claims, a plaintiff claiming discrimination in connection with a failure to promote must establish a *prima facie* case by demonstrating that she: (1) is a member of a protected class; (2) sought and was qualified for the position in question; (3) was rejected for the promotion; and

---

[1]     Plaintiff also asserted a claim under the Employee Retirement Income Security Act ("ERISA"), but has since abandoned that claim.

(4) the employer continued to seek applicants with the plaintiff's qualifications or filled the position with someone outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Browning v. Southwest Research Institute*, 288 F. App'x 170, 175 (5th Cir. Aug 5, 2008) (citing *Celestine v. Petroleos de Venezuella, S.A.*, 266 F.3d 343, 354-55 (5th Cir. 2001)).  A plaintiff's *prima facie* case creates an inference of intentional discrimination that shifts the burden back to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).  The defendant's burden at this stage is a burden of production, not persuasion, and "'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 513 (1993)).

If the employer provides such an explanation, the inference created by the *prima facie* case drops out, and the plaintiff bears the burden to establish discrimination by offering evidence that the employer's stated explanation is a pretext for racial bias. *Reeves*, 530 U.S. at 143; *Lee*, 574 F.3d at 249; *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).  A plaintiff's *prima facie* case, combined with the factfinder's disbelief of the defendant's proffered reasons, may suffice to show intentional discrimination. *Reeves*, 530 U.S. at 147 (citing *St. Mary's*

*Honor Center*, 509 U.S. at 511).  Despite this intermediate burden shifting, the plaintiff at all times bears the ultimate burden to demonstrate that the defendant intentionally discriminated.  *Reeves*, 530 U.S. at 143; *Lee*, 574 F.3d at 259 n. 13 (citing *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

It is undisputed that Plaintiff is a member of a protected class and that she was not selected for the promotions for which she applied.  It is also undisputed that the Assistant Trainmaster and Trainmaster positions for which Plaintiff applied were filled by non-African-American males who were younger than Plaintiff.

On both the *prima facie* issue of qualification for the position for which she applied and as its "legitimate, non-discriminatory explanation" for its decision not to promote Plaintiff, Defendant argues that Plaintiff was not qualified for the Assistant Trainmaster or Trainmaster positions.  Specifically, Defendant asserts that Plaintiff did not have "prior railroad operating work experience."

Plaintiff has presented evidence, however, which raises a genuine issue of material fact regarding whether Defendant's explanation – specifically its assertion of a "prior railroad operating work experience" qualification criteria for Assistant Trainmaster and Trainmaster – is merely a pretext for discrimination.  *See, e.g., Browning*, 288 F. App'x at 176 (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 681 (5th Cir. 2001)).  First, Plaintiff has presented evidence that Defendant's

Human Resources Director testified that experience as a yardmaster is considered railroad operating experience.    Second, Plaintiff has presented evidence that Defendant promoted to Trainmaster at least one white male whose only railroad operating experience was as yardmaster.    Third, Plaintiff has presented evidence that she trained many of the employees who were awarded the promotions for which she applied.    Fourth, Plaintiff has presented evidence that Defendant has denied Plaintiff's request to obtain the railroad operating experience that Defendant asserts she lacks.

Defendant challenges Plaintiff's evidence but, if Plaintiff's evidence were believed by the trier of fact, it could support a finding that Defendant's assertion that Plaintiff is not qualified for the Assistant Trainmaster and Trainmaster positions because she lacks prior railroad operating experience is a pretext for discrimination.[2]

Plaintiff has presented evidence that raises a genuine issue of material fact to support the *prima facie* case and on the issue of pretext.    Consequently, Defendant is not entitled to summary judgment on Plaintiff's discrimination claims.

### B.    Retaliation Claims

---

[2]    Defendant argues correctly that, to prevail on a discrimination claim based on a failure to promote, the plaintiff must prove that she was "clearly better qualified" than the person awarded the promotion.  *See Maurer v. American Airlines*, 249 F. App'x 341, 343 (5th Cir. Oct. 2, 2007) (citing *Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002)).  In this case, the comparison between Plaintiff's qualifications and the qualifications of the promoted employees, some of whom were trained by Plaintiff, is a fact question to be decided by the jury.

To establish a *prima facie* case for retaliation, a plaintiff must present evidence that (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and adverse employment action. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).

It is undisputed that Plaintiff engaged in protected activity when she filed an initial charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 1, 2006, and filed later EEOC charges in 2008.  It is also undisputed that Plaintiff suffered an adverse employment action when she was not promoted to the Assistant Trainmaster and Trainmaster positions for which she applied.  Plaintiff also asserts that she was retaliated against when she was disciplined with a formal reprimand for being discourteous to a fellow employee, and when she was given a thirty-day suspension (deferred and held in abeyance for six months) for failing to provide protection to fellow employees.[3]  Formal discipline can be an adverse employment action.  *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007).

---

[3]     The discourteous behavior incident related to allegations that Plaintiff called a co-worker "stupid."  The discipline for failure to provide protection involved an incident in which a train and a "maintenance-of-way high-rail car" were on the same track at the same time heading toward each other.  When Plaintiff eventually became aware of the situation, she remarked that she "forgot" that the high-rail car "was out there."

Plaintiff has presented evidence that raises a genuine issue of material fact regarding the causal link element of her retaliation claim.  Plaintiff has presented evidence that the Human Resources Director threatened to make Plaintiff's record so bad that they could fire her and "make it stick."[4]  Plaintiff has also presented evidence that Defendant did not discipline employees who engaged in similar conduct, specifically an employee who threatened to inflict bodily harm on Plaintiff, but who had not engaged in protected activity under Title VII.  This evidence, if believed by the trier of fact, could support a finding that a causal link exists between Plaintiff's protected activity and the adverse employment actions she suffered.  As a result, the Court denies Defendant's Motion on the retaliation claims.

## IV.   CONCLUSION AND ORDER

Plaintiff has presented evidence that raises a genuine issue of material fact in support of her discrimination and retaliation claims.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 41] is **DENIED**.

The case remains scheduled for docket call on **March 30, 2010**.

---

[4]     Defendant argues in its Rejoinder that the evidence regarding the Human Resources Director's comment "was never presented in a verified charge to the EEOC."  *See* Rejoinder [Doc. # 54], p. 11.  The evidence, however, is not a substantive claim of retaliation but is, instead, evidence to support Plaintiff's claim that she was disciplined in retaliation for her protected activity.

SIGNED at Houston, Texas, this 17<u>th</u> day of **February, 2010**.

Nancy F. Atlas
United States District Judge